# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| RACHAEL MANEY, | Civil Action # 2:25-cv-00076-BHH |
| Plaintiff, | |
| v. | **COMPLAINT** |
| SHAWN WALLACE, ESQ., | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Rachael Maney brings this action against Defendant Shawn Wallace, Esquire, for discrimination and retaliation in violation of 42 U.S.C. § 1981, breach of contract with fraudulent intent, breach of duty of good faith, intentional infliction of emotional distress, and negligence.

## JURISDICTION & VENUE

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 & 1343(a) for redress for violations of federal law protecting civil rights.

2. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 since the Plaintiff and Defendant are citizens of different states and the amount in controversy is greater than seventy-five thousand dollars ($75,000).

3. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of South Carolina, Charleston Division

pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. Plaintiff Rachael Maney is a Korean-born, naturalized American citizen of the United States of America and a resident of Florida.

6. Defendant Shawn Wallace, Esquire, is a citizen of the United States of America and a resident of South Carolina. Defendant Wallace is licensed in good standing to practice law in South Carolina and has been since 1983.

## FACTS

7. In October 2019, Ms. Maney sued Mason Preparatory School ("School") for matters related to a teacher exhibiting racial bias against minority students, including Ms. Maney's child.

8. Ms. Maney was victorious in her 2019 lawsuit against the School (Civil Action # 2:19-cv-02899): the School made an Offer of Judgment of one million dollars ($1,000,000), which Ms. Maney accepted and the School paid.

9. Defendant Wallace represented the School at all relevant times.

10. Before Ms. Maney filed her 2019 lawsuit, she and the School (represented by Defendant Wallace) participated in mediation in March 2019.

11. As a precondition to mediate, Ms. Maney and Defendant Wallace signed a binding "Agreement to Mediate" (hereinafter "Agreement").

12. Per South Carolina and federal court rules, the Agreement required that mediation be confidential and that nothing said, disclosed, or produced during the

2

mediation shall be discussed outside of mediation. See S.C. Ct. Ann. ADR R. 8 (2023) & Local Civ. Rule 16.08(c) (D.S.C.).

13. [The executed Agreement will be included as Exhibit 1 upon waiver of confidentiality by all parties to the Agreement].

14. Defendant Wallace had a deep knowledge of the rules of mediation confidentiality: she completed South Carolina mediator training in 2000 and has been a federal-court Certified Mediator since 2001.

15. On March 29, 2019, Defendant Wallace informed the aforementioned teacher that she was terminated for cause.

16. On that day (and unbeknownst to Ms. Maney), Defendant Wallace divulged Ms. Maney's confidential mediation demand and other mediation documents (collectively "Mediation Documents") by giving hard copies of the documents to third parties, including to the teacher's attorney (attorney Nancy Bloodgood) and the teacher's son (attorney Robert Treacy).

17. The Mediation Documents contained highly sensitive and private information about Ms. Maney's child and other children, set forth her demands for injunctive, equitable, and monetary relief, established deadlines for resolution, and included other confidential information.

18. On information and belief, Defendant Wallace divulged the Mediation Documents to propagate a fraudulent narrative that Ms. Maney's complaints of racial bias were meritless and had been made for mercenary objectives.

19. Defendant Wallace's narrative was untrue: a) the School admitted in sworn

testimony that complaints of racial bias against the teacher were bona fide and made in good faith; and b) Ms. Maney had initially neither sought financial compensation nor adverse employment action against the teacher.

20. On information and belief, Defendant Wallace's acts and omissions were to intentionally retaliate against Ms. Maney on the basis of her race and for bringing complaints of racial bias.

21. On information and belief, Defendant Wallace's acts and omissions were also in furtherance of her personal interests: among other motivations, Defendant Wallace acted a) to protect her financial interests of continuing attorney fees; b) to ensure her future representation of the School and its insurance carrier; c) to preserve her reputation for "toughness;" and d) to deflect criticism she had received from the School community for "capitulating" to Ms. Maney.

22. By way of an affidavit of Christopher Skipper dated April 8, 2024, Ms. Maney learned of the divulgence of the Mediation Documents for the first time.

23. On April 8, 2024, Ms. Maney learned for the first time that Mr. Treacy met with several School parents (including Mr. Skipper) to show them the Mediation Documents that he had received from Defendant Wallace.

24. On April 8, 2024, Ms. Maney learned for the first time that due to Defendant Wallace's divulgence of the Mediation Documents, Ms. Maney became the object of hostility, scorn, and verbal and written abuse from School community members, notably other parents.

25. On April 8, 2024, Ms. Maney learned for the first time that Ms. Wallace's

divulgence of the Mediation Documents was the sole basis for the hostility, scorn, and verbal and written abuse Ms. Maney suffered.

26. Those attacks began on March 29, 2019, a few hours after Defendant Wallace divulged the Mediation Documents.

27. As a direct and proximate result of Defendant Wallace's acts and omissions, Ms. Maney has suffered and will continue to suffer pecuniary and non-pecuniary loss, medical costs, damages, and injury, including but not limited to emotional distress.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1981

28. Plaintiff incorporates by reference all paragraphs of this Complaint.

29. Defendant Wallace's divulgence of the Mediation Documents, retaliation, and unlawful conduct deprived Ms. Maney of her federally protected right to make and enforce contracts free from discrimination and retaliation on the basis of her race and national origin.

30. Ms. Maney engaged in protected activity when she reported instances of racial bias against minority children in the School.

31. Because of Ms. Maney's protected activity, Defendant Wallace retaliated against her by divulging the Mediation Documents; in doing so, Defendant Wallace sought to harm Ms. Maney by preventing her from benefiting from the Mediation Agreement and making and enforcing contracts.

32. Because of Ms. Maney's protected activity, Defendant Wallace retaliated against her by using the Mediation Documents to concoct a fraudulent narrative

(and spreading the concoction to third parties) that Ms. Maney's complaints were meritless and made for mercenary reasons.

33.  Defendant's acts and omissions caused Ms. Maney injuries and damages as described above.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT (IN TORT)

34.  Plaintiff incorporates by reference all paragraphs of this Complaint.

35.  Defendant Wallace's divulgence of the Mediation Documents was in breach of the Agreement.

36.  Defendant Wallace had fraudulent intent in breaching the contract (and not merely in its making): she divulged the Mediation Documents to injure Ms. Maney.

37.  Defendant Wallace committed the fraudulent act of concocting a dishonest and unfair narrative (based on the Mediation Documents) that Ms. Maney's complaints were meritless and made for mercenary reasons.

38.  Defendant Wallace's acts and omissions caused Ms. Maney injuries and damages as described above.

## THIRD CAUSE OF ACTION
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (IN TORT)

39.  Plaintiff incorporates by reference all paragraphs of this Complaint.

40.  Defendant Wallace's divulgence of the Mediation Documents violated her duty of good faith and fair dealing with Ms. Maney as a contracting party.

41.  Both state (S.C. Ct. Ann. ADR R. 8 (2023)) and federal law (Local Civ. Rule 16.08(c) (D.S.C.)) mandate mediation confidentiality.

42. Defendant Wallace's breach of the duty of good faith and fair dealing sounds in tort because the requirement of mediation confidentiality is by operation of state and federal rules.

43. Defendant's acts and omissions caused Ms. Maney injuries and damages as described above.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff incorporates by reference all paragraphs of this Complaint.

45. Defendant Wallace intentionally or recklessly inflicted severe emotional distress upon Ms. Maney.

46. Defendant Wallace (as an individual and as an attorney) was substantially certain that the divulgement of the Mediation Documents would inflame the School community against Ms. Maney and cause her emotional distress.

47. Defendant Wallace's conduct to intentionally hurt a mother of pre-teen school children because she had exercised her federally protected rights was extreme and outrageous to exceed all possible bounds of decency.

48. Defendant Wallace's acts and omissions caused Ms. Maney emotional distress.

49. The emotional distress suffered by Ms. Maney was severe such that no reasonable person could be expected to endure it.

50. Defendant Wallace's acts and omissions caused Ms. Maney injuries and damages as described above.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE & GROSS NEGLIGENCE

51.     Plaintiff incorporates by reference all paragraphs of this Complaint.

52.     As parties to the Agreement, Defendant Wallace owed Ms. Maney a duty of care.

53.     Defendant Wallace breached her duty to Ms. Maney by divulging the Mediation Documents.

54.     Defendant Wallace breached her duty to Ms. Maney by using the Mediation Documents to spread confidential information that Defendant Wallace knew or should have known would cause Ms. Maney harm.

55.     Defendant Wallace's breach of her duty was negligent and grossly negligent.

56.     Defendant's acts and omissions caused Ms. Maney injuries and damages as described above.

## PUNITIVE DAMAGES

57.     Plaintiff incorporates by reference all paragraphs of this Complaint.

58.     At all relevant times and for all tortious acts and omissions set forth herein, Defendant Wallace acted with malice, with reckless indifference, or in gross negligence to Ms. Maney's rights and well-being.

59.     Defendant Wallace had actual knowledge of the wrongfulness of her conduct and the high probability that injury or damage to Ms. Maney would result; despite that knowledge, Defendant Wallace pursued that course of conduct, resulting in injury and damage to Ms. Maney.

60. Defendant Wallace's conduct was so reckless or wanton in care that it constitutes a conscious disregard or indifference to the rights and well-being of Ms. Maney.

61. Punitive damages may be imposed upon Defendant Wallace for her acts and omissions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant Wallace in such sum as the trier of fact shall deem just and proper, including an award of actual, compensatory, and punitive damages as determined by a jury, attorney fees and costs, and such other and further relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all claims so triable as of right.

Respectfully submitted,

s/Peter Wilborn
Peter Wilborn
Wilborn Law
P.O. Box 771299
January 6, 2025            Winter Garden, Florida  34777
Winter Garden, Florida     First Email: peter@wilborn.law
Second Email: mail@wilborn.law
(352) 663-9800
*Attorney for Plaintiff*

9